

FILED

2018 JUL 25 PM 3: 41

CLERK U.S. . .
MIDDLE DISTRICT . . .
JACKSONVILLE OF FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

R. ALEXANDER ACOSTA, Secretary
of Labor, United States Department of   CASE NO. 3:18-cv-_908_ -J- _39 MCR_
Labor

          Plaintiff,

v.

LOCAL 1408, INTERNATIONAL
LONGSHOREMEN'S ASSOCIATION,
AFL-CIO

          Defendant.
_____/

## COMPLAINT

    Plaintiff, R. ALEXANDER ACOSTA, Secretary of Labor, by and through his

counsel, the United States Attorney, Middle District of Florida, alleges as follows:

### NATURE OF THE ACTION

    1.    This action is brought under Title IV of the Labor-Management Reporting

and Disclosure Act of 1959, 29 U.S.C. §§ 481-483 (the Act), for a judgment declaring

that the December 11, 2017 election of union officers conducted by Local 1408,

International Longshoremen's Association, AFL-CIO (Defendant) for the offices of

President, Vice President, Recording Secretary, Financial Secretary Treasurer, Business

Agent, and Executive Board Member (5 positions) is void, and directing Defendant to

conduct a new election for these offices under Plaintiff's supervision, and for other

appropriate relief.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3.      Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

## PARTIES

4.      Plaintiff, R. Alexander Acosta, is the duly appointed Secretary of Labor, United States Department of Labor.  Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

5.      Defendant is, and at all times relevant to this action has been, an unincorporated association with its principal place of business in Jacksonville, Florida, within the jurisdiction of this district.

## FACTUAL ALLEGATIONS

6.      Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of section 3(i) and (j) and 401(b) of the Act (29 U.S.C. §§ 402(i) and (j) and 481(b)).

7.      Defendant, purporting to act pursuant to its Bylaws and the International's Constitution conducted an election of officers on December 11, 2017, and this election was subject to the provisions of Title IV of the Act (29 U.S.C. §§ 481-483).

8.      On or about October 16, 2017, on behalf of Defendant, Barton Printing Company prepared and mailed the combined nomination/election notice to all members at their last known addresses.

2

9.      Nominations were held on or about November 6, 2017.

10.     Defendant's constitution and bylaws provide that no member is eligible to seek or hold office unless he or she has attended a total of eight membership meetings of the local for at least two years prior to nomination. Defendant's constitution and bylaws contain no excuse provision for the eight-meeting requirement.

11.     On or about November 6, 2017, immediately preceding the nominations meeting, the Defendant's members assembled for a membership meeting. Members who signed in and attended both the membership meeting and the nominations meeting were credited with attending two meetings towards the eight-meeting requirement. There was no advance notice to members that they could receive credit for attending two meetings on this date.

12.     Member Warren Smith did not participate in the election or attend the nominations meeting because he did not meet the eight-meeting requirement. Smith had attended a total of six membership meetings before November 6, 2017, but was not aware that the November 6, 2017 meetings would be counted as two separate meetings and that attending would have rendered him eligible to be a candidate.

13.     Defendant has approximately 1,940 members – 799 active members, 1,004 ineligible members, and 137 retirees.

14.     Only fifty-eight members had attended eight or more meetings in the two years preceding the nominations meeting. Of these fifty-eight members, five were categorized by Defendant's roster as ineligible.

15.     Comparing all fifty-eight members who met the eight-meeting attendance requirement, including the five ineligible members, with the total number of active members of the union, the candidate qualification excluded at least 92.8 percent of the union membership.

Complainant Fred Wakefield

16.     Complainant Fred Wakefield met the eight-meeting requirement and was an unsuccessful candidate for the position of President.

17.     By letter dated December 19, 2017, to the Defendant's Secretary Treasurer, Wakefield, a member in good standing of the Defendant, protested the election.

18.     By letter dated January 29, 2018, to the Complainant Wakefield, the Defendant's Executive Board denied the protest.

19.     Complainant Wakefield appealed the decision of the Defendant's Executive Board to the Secretary Treasurer of the South Atlantic and Gulf Coast District by letter dated February 5, 2018.

20.     By letter dated March 20, 2018, to Complainant Wakefield, the District Executive Board denied the appeal.

21.     Complainant Wakefield appealed the decision of the District Executive Board to the International's Secretary Treasurer by letter dated March 29, 2018.

22.     Having invoked the available remedies for three calendar months without receiving a final decision after invocation, Complainant Wakefield filed a timely

4

complaint with the Secretary of Labor received on April 12, 2018, within the one calendar month required by section 402(a)(2) of the Act, 29 U.S.C. § 482(a)(2).

Complainant Romia Johnson

23.     Complainant Romia Johnson was disqualified as a candidate for the election because he did not meet the eight-meeting requirement.  Johnson was on disability for much of the two years preceding the nominations meeting, and Defendant would not excuse him from the eight-meeting requirement.

24.     By letter dated December 20, 2017, to the Defendant's Executive Board, Johnson, a member in good standing of the Defendant, protested the election.

25.     By letter dated January 29, 2018, to the Complainant Johnson, the Defendant's Executive Board denied the protest.

26.     Complainant Johnson appealed the decision of the Defendant's Executive Board to the Secretary Treasurer of the South Atlantic and Gulf Coast District by letter dated February 4, 2018.

27.     By letter dated March 20, 2018, to Complainant Johnson, the District Executive Board denied the appeal.

28.     Complainant Johnson appealed the decision of the District Executive Board to the International's Secretary Treasurer by letter on April 19, 2018.

29.     Having invoked the available remedies for three calendar months without receiving a final decision after invocation, Complainant Johnson filed a timely complaint with the Secretary of Labor received on April 19, 2018, within the one calendar month required by section 402(a)(2) of the Act, 29 U.S.C. § 482(a)(2).

5

30.     By letter signed May 10, 2018, Defendant agreed that the time within which the Plaintiff may bring suit with respect to the Defendant's aforesaid election be extended to June 25, 2018.

31.     By letter signed June 12, 2018, Defendant agreed that the time within which the Plaintiff may bring suit with respect to the Defendant's aforesaid election be extended to July 25, 2018.

32.     Pursuant to section 601 of the Act (29 U.S.C. § 521), and in accordance with section 402(b) of the Act (29 U.S.C. § 482(b)), the Plaintiff investigated the complaint and, as a result of the facts shown by his investigation, found probable cause to believe that: (1) a violation of Title IV of the Act (29 U.S.C. §§ 481-483) had occurred in the conduct of the Defendant's December 11, 2017 election; and (2) that such violation had not been remedied at the time of the institution of this action.

## CAUSE OF ACTION

33.     Section 401(e) of the Act, 29 U.S.C. § 481(e), provides that "every member in good standing shall be eligible to be a candidate and to hold office subject to . . . reasonable qualifications uniformly imposed."

34.     Defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e), during the conduct of the aforesaid election when it applied an unreasonable meeting attendance requirement which rendered 92.8 percent of its members ineligible to be a candidate and hold office.

35.     The violation of section 401(e) of the Act (29 U.S.C. § 481(e)) may have affected the outcome of the Defendant's election for the offices of President, Vice

President, Recording Secretary, Financial Secretary Treasurer, Business Agent, and

Executive Board Member (5 positions).

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

(a)     declaring the Defendant's election for the offices of President, Vice

President, Recording Secretary, Financial Secretary Treasurer, Business Agent, and

Executive Board Member (5 positions) to be void;

(b)     directing the Defendant to conduct a new election for those offices under

the supervision of the Plaintiff;

(c)     for the costs of this action; and

(d)     for such other relief as may be appropriate.

Dated: July 25, 2018                    Respectfully Submitted,

                                        CHAD A. READLER
                                        Acting Assistant Attorney General

                                        MARIA CHAPA LOPEZ
                                        United States Attorney

                                        /s/Ronnie S. Carter
                                        RONNIE S. CARTER
                                        Assistant United States Attorney
                                        Florida Bar No. 0948667
                                        United States Courthouse
                                        300 North Hogan Street, Suite 700
                                        Jacksonville, Florida 32202-4270
                                        Telephone No. (904) 301-6283/6300
                                        Facsimile No. (904) 301-6310
                                        Email: Ronnie.Carter@usdoj.gov

7

OF COUNSEL:

KATE S. O'SCANNLAIN
Solicitor of Labor

BEVERLY DANKOWITZ
Associate Solicitor

RADINE LEGUM
Counsel for Labor-Management Programs

Christa Henderson, Esquire
Attorney
United States Department of Labor
Office of the Solicitor
Civil Right and Labor-Management Division
200 Constitution Avenue, NW, Suite N-2474
Washington, DC 20210