# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

R. ALEXANDER ACOSTA,
Secretary of Labor, United States
Department of Labor,

    Plaintiff,

v.                                               Case No. 3:18-cv-908-J-32MCR

LOCAL 1408, INTERNATIONAL
LONGSHOREMEN'S
ASSOCIATION, AFL-CIO,

    Defendant.

## **O R D E R**

This labor dispute is before the Court on Defendant Local 1408, International Longshoremen's Association, AFL-CIO's ("Local 1408") Motion to Dismiss, Motion for More Definite Statement, Or In the Alternative, Motion for Judgment on Pleadings (Doc. 11), to which Plaintiff R. Alexander Acosta, Secretary of Labor[1] (the "Secretary") responded (Doc. 14); and George Spencer, Fred Wakefield, and Romia Johnson's (the "Intervenors") Motion to Intervene

---

[1] The Secretary is authorized to bring this action under Section 402(b) of Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (the "Act"), 29 U.S.C. §§ 481-483.

In This Cause (Doc. 15), to which the Secretary and Local 1408 filed responses (Docs. 17, 18).

## I. BACKGROUND[2]

This case concerns a December 2017 election of officers conducted by Local 1408, a local labor organization with approximately 1,940 members.[3] (Doc. 1 ¶¶ 6-7). Under Local 1408's by-laws, no member is eligible to seek or hold office unless she attended a total of eight membership meetings of the local for at least two years prior to nomination. (Id. ¶ 10). There are no excuse provisions for the eight meeting requirement.

On October 16, 2017, all members of Local 1408 received a nomination/election notice in the mail. (Id. ¶ 8). Then, Local 1408 held two meetings on November 6, 2017: a membership meeting and a nominations meeting. (Id. ¶ 11). Even though the meetings occurred on the same day, members who signed in and attended both meetings received credit for attending two meetings. (Id.). However, no one informed the members in

---

[2] The Background section is taken from the allegations of the Complaint. (Doc. 1).

[3] 799 are active members, 1,004 are ineligible members, and 137 are retired members. (Doc. 1 ¶ 13).

As Local 1408 is an entity engaged in an industry affecting commerce within the meaning of the Act, the election was subject to the provisions of Title IV of the Act. (Id. ¶ 6).

advance that they would receive two meetings' worth of credit for attendance that day. (Id.).

Only 58 members had attended eight or more meetings in the two years preceding the nominations meeting. Of the 58, five were categorized as ineligible. (Id. ¶ 14). As only 58 members met the eight meeting attendance requirement out of 799 active members, 92.8 percent of the members were excluded from running for office in the December election. (Id. ¶ 14).

The Complaint identifies two members, Warren Smith and Romia Johnson, who allegedly would have run for office but did not because of the stringent meeting requirements. (Id. ¶¶ 12, 23-29). In addition, member Fred Wakefield met the eight meeting requirement but was an unsuccessful candidate for president. Wakefield and Johnson protested the election via letters to the Executive Board of Local 1408, but their protests and appeals were denied. As a result, they filed timely complaints with the Secretary of Labor. (Id. ¶¶ 22, 29).

On July 25, 2018, the Secretary filed a one count Complaint, alleging a violation of § 401(e) of the Act. Section 401(e) provides that "every member in good standing shall be eligible to be a candidate and to hold office (subject to section 504 of this title and to reasonable qualifications uniformly imposed) . . . ." 29 U.S.C. § 481(e). The Secretary alleges that Local 1408 violated § 401(e) when it applied an unreasonable meeting attendance requirement to the

3

December 2017 election, and that the violation may have affected the election's outcome. (Doc. 1 ¶ 34). In the prayer for relief, the Secretary requests judgment declaring the election to be void, directing a new election, and awarding the costs of this action.

## II. LOCAL 1408'S MOTION TO DISMISS, FOR MORE DEFINITE STATEMENT, OR JUDGMENT ON PLEADINGS

Local 1408 argues that the Court should dismiss the Complaint because it fails to name the proper party and is impermissibly vague under Rule 15, Fed. R. Civ. P.[4] (Doc. 11).

### A. The Secretary Sued the Proper Party

The Complaint names "Local 1408, International Longshoremen's Association, AFL-CIO" as the defendant. (Doc. 1). Local 1408 argues that the Secretary's allegation that it is an unincorporated association is erroneous, because Local 1408 has been incorporated in Florida since March 26, 2001 as "International Longshoremen's Association AFL-CIO Local 1408, Inc." (Doc. 11 at 1 n.1). Local 1408 contends that the Complaint should be dismissed due to this alleged misnomer but cites no cases supporting this assertion.

---

[4] Although the pleadings are not yet closed, Local 1408 also requests that the Court grant judgment on the pleadings. However, Local 1408 makes no argument in the motion to support its request, which is nonetheless premature and will be denied without further discussion.

4

Regardless, the Court disagrees that the Complaint should be dismissed in light of evidence that Local 1408 itself submitted. Local 1408 attached its Constitution & By-Laws, which identify the entity as "Local 1408 of the International Longshoremen's Association, AFL-CIO" (Doc. 11 at 14), which is the party named in the Complaint. In addition, Local 1408 has not argued that the purported failure to use its correct legal name (whether incorporated or unincorporated) has any practical impact on the case—such as affecting the Court's subject matter jurisdiction or Local 1408's awareness that it is the intended defendant in this action. Therefore, the motion is due to be denied on this point.

### B. The Complaint Satisfies Rule 8

Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Local 1408 argues that the allegations that it violated federal law by applying an unreasonable meeting attendance requirement are impermissibly vague because the Complaint does not specify the manner in which the Secretary believes the requirement was unreasonably applied, and fails to specify how the complainants were harmed by the meeting attendance requirement. (Doc. 11 at 1-5). Without this information, Local 1408 asserts it is unable to frame a responsive pleading without risking prejudice.

Upon review, the Court finds that the Complaint satisfies Rule 8, which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Secretary describes the circumstances under which Local 1408 conducted the December 11, 2017 election and the reasons for which the meeting attendance requirement allegedly violates § 401(e) of the Act—namely that the requirement rendered over 90% of members ineligible to run for office. See Local 3489, United Steelworkers of Am., AFL-CIO v. Usery, 429 U.S. 305, 310 (1977) ("[A]n attendance requirement that results in the exclusion of 96.5% of the members from candidacy for union office hardly seems to be a 'reasonable qualification' consistent with the goal of free and democratic elections. A requirement having that result obviously severely restricts the free choice of the membership in selecting its leaders."). Further, Local 1408 allegedly provided no "excuse" provision for members' failure to meet the requirement.

In addition, Local 1408 appears to argue that Complainants Fred Wakefield and Romia Johnson did not have standing to assert § 401(e) violations because Wakefield met the meeting attendance requirement and suffered no harm, and the Complaint fails to sufficiently allege the circumstances of how Johnson's disability violates the Act. (Doc. 11 at 2-3). However, the Act provides that

> [a] member of a labor organization--

> (1) who has exhausted the remedies available under the constitution and bylaws of such organization and of any parent body, or
>
> (2) who has invoked such available remedies without obtaining a final decision within three calendar months after their invocation,
>
> may file a complaint with the Secretary within one calendar month thereafter alleging the violation of any provision of section 481 of this title (including violation of the constitution and bylaws of the labor organization pertaining to the election and removal of officers).

29 U.S.C. § 482(a). The Complaint specifies Wakefield and Johnson's efforts to protest the election through internal union remedies available to them, eventually resulting in the Secretary filing this lawsuit to set aside the allegedly invalid election. (Doc. 1 ¶¶ 16-32). As such, Local 1408's arguments regarding Wakefield and Johnson's standing are unavailing. Local 1408's motion to dismiss, for more definite statement, or judgment on the pleadings is due to be denied.[5]

### III. MOTION TO INTERVENE[6]

The Intervenors move to intervene as of right under Rule 24(a), Fed. R. Civ. P., which provides that

---

[5] Though the Court has not delineated all of Local 1408's arguments set forth in the motion to dismiss, it has taken them into consideration but finds that they are more appropriate for the summary judgment stage of the litigation. (See Doc. 11 at 6-9).

[6] The Supreme Court "has held that § 403 prohibits union members from initiating a private suit to set aside an election." Trbovich v. United Mine

7

> [o]n timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24 (a). (Doc. 15 at 1). The Intervenors state that they agree with the position taken by the Secretary and support the Secretary's decision "overturning" the last election conducted by Local 1408.[7] (Doc. 15 at 2). Further, the Intervenors "believe they possess information and have knowledge which will assist this Court in assessing the matters before it." (Id.). Specifically, they believe they can show that the highest governing body of Local 1408 has voted to foreclose opposition to this suit and conduct a new election. For support, they rely on Trbovich, in which the Supreme Court held that "in a post-election enforcement suit, Title IV imposes no bar to intervention by a union member, so long as that intervention is limited to the claims of illegality presented by the Secretary's complaint." Trbovich, 404 U.S. at 537.

---

Workers of Am., 404 U.S. 528, 531 (1972).

[7] The motion to intervene states that Wakefield and Johnson's complaints to the Secretary led to the union election at issue being overturned. (Doc. 15 at 2). However, this allegation does not appear in the Complaint, and it is unclear precisely what the effect of the election being overturned, if true, has on this lawsuit, which was brought to obtain a judgment that the election is void.

Both the Secretary and Local 1408 oppose intervention. (Docs. 17, 18). The Secretary argues that the Intervenors agree with the position he has taken but also want to participate as Intervenors to resolve an internal power struggle between the Executive Board and the membership of Local 1408 regarding whether the Executive Board has the legal authority to take the position it has taken in opposing the litigation and/or whether the Executive Board is complying with the membership's will. (Doc. 17 at 2). In addition, the Secretary points out that the Intervenors have not satisfied either prong of Rule 24(a), as they have neither cited any federal statute that gives them unconditional authority to intervene here, nor have they argued that any decision this Court reaches would impair or impede their ability to protect their interests. To the contrary, the Intervenors agree with the Secretary's position. Finally, to the extent the Intervenors rely on Trbovich, the Secretary argues that their motion is unrelated to the claims of illegality in the Complaint.

Similarly, Local 1408 opposes intervention, albeit on slightly different grounds. (Doc. 18). Local 1408 argues that, contrary to the Intervenors' contention, "there was no official record of a Motion that 'the Local comply with the decision of the Department Of Labor dated July 25, 2018, and, proceed with a nomination and election of all Officers.'" (Id. at 1). Rather, the motion that was made was directed to the extension of time within which to file the responsive pleading to the Complaint. (Id.). Like the Secretary, Local 1408

contends that the Intervenors' reliance on Trbovich is misplaced, and the motion to intervene has nothing to do with the claims of illegality brought by the Secretary.

Despite the Secretary and Local 1408's opposition, the Court will grant the motion intervene. However, intervention will be strictly limited to "the claims of illegality presented by the Secretary's complaint." Trbovich, 404 U.S. at 537. In other words, the Intervenors will not be permitted to advance collateral arguments that "interfere with the screening and centralizing functions of the Secretary," Trbovich, 404 U.S. at 533, and the Court will not opine on the internal affairs of Local 1408 and its Executive Board which are unrelated to resolving the main question in this case: whether Local 1408 violated § 401(e) of the Act in conducting its December 11, 2017 election of union officers.

Accordingly, it is hereby

**ORDERED:**

1. Defendant Local 1408, International Longshoremen's Association, AFL-CIO's Motion to Dismiss, Motion for More Definite Statement, Or In the Alternative, Motion for Judgment on Pleadings (Doc. 11) is **DENIED**.

2. George Spencer, Fred Wakefield, and Romia Johnson's Motion to Intervene In This Cause (Doc. 15) is **GRANTED** to the extent stated herein.

3. The Intervenors shall file a complaint in intervention by **January 18, 2019**.

4. Local 1408 shall file an Answer to the Complaint (Doc. 1) and the Intervenors' complaint in intervention by **February 15, 2019**.[8]

5. The parties shall file a case management report by **February 15, 2019**.

**DONE AND ORDERED** in Jacksonville, Florida the 27th day of December, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

sj
Copies:

Counsel of record

---

[8] The Court will allow Intervenors to file a complaint in intervention under the limitations set forth in this Order, but if the complaint fails to comply with these legal requirements, the Court will reconsider whether to allow intervention.