UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor,

    CASE NO. 3:18-cv-908-J-32MCR

          Plaintiff,

v.

LOCAL 1408, INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, AFL-CIO,

          Defendant.

---

GEORGE SPENCER, FRED WAKEFIELD, AND ROMIA JOHNSON,

          Plaintiffs-Intervenors,

v.

LOCAL 1408, INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, AFL-CIO,

          Defendant.

                       /

## STIPULATION FOR COMPROMISE SETTLEMENT AND ORDER

Plaintiff, R. Alexander Acosta, Secretary of the United States Department of Labor, through the United States Attorney's Office, Middle District of Florida, and Defendant, Local 1408, International Longshoremen's Association, AFL-CIO (Defendant or Local 1408) through its counsel, (collectively the Parties) in order to

resolve this action without the necessity of further litigation, stipulate and agree as follows:

1.      Plaintiff brought this action under the Labor-Management Reporting and Disclosure Act of 1959 (Act of September 14, 1959, 73 Stat. 519, *et seq.*, 29 U.S.C. § 401, *et seq.*), hereinafter referred to as the Act, requesting a judgment declaring that the Defendant's election for the offices of President, Vice President, Recording Secretary, Financial Secretary Treasurer, Business Agent, and five Executive Board Members, which was conducted on December 11, 2017, be declared void and requesting that a new election for those offices be conducted under the supervision of the Plaintiff.

2.      In the Complaint filed against Defendant, Plaintiff alleged that violations of Title IV of the Act (29 U.S.C. § 481, *et seq.*) had occurred and had not been remedied at the time of the institution of this action.

3.      Defendant denies the violations alleged in this action.

4.      The Plaintiff and Defendant agree that it is in the Parties' best interest to resolve this lawsuit on mutually agreeable terms without further litigation. The Parties agree to the entry of this Stipulation and Order without trial or further adjudication of any issues of fact or law raised in the Secretary's Complaint.

5.      The Parties agree to entry of an Order directing that the Defendant will conduct new nominations and a new polling site election under the supervision of the Secretary, for the offices of President, Vice President, Recording Secretary, Financial Secretary Treasurer, Business Agent, and five Executive Board Members, to be

completed no later than December 31, 2019, unless the Secretary in his sole discretion determines that the supervised election should be conducted at a later date.

6.    The supervised election shall be conducted in accordance with Title IV of the Act (29 U.S.C. § 481, *et seq.*) and, insofar as lawful and practicable, and except as otherwise provided herein, in accordance with the International Longshoremen's Association (ILA) Constitution and Rules of Order, the ILA Code of Ethics, and the ILA Local 1408 Constitution and Bylaws.

7.    The Parties agree that for the supervised election, the constitutionally mandated meeting attendance requirement for candidates shall be waived. The Secretary's investigation of the December 11, 2017 election found that this candidate qualification prohibited at least 92.8 percent of Defendant's members from being a candidate in the election. It is further stipulated that:

a.    Nominations for offices of President, Vice President, Recording Secretary, Financial Secretary Treasurer, Business Agent, and five Executive Board Members shall take place at a regular monthly membership meeting.

b.    An announcement of the time, date, and location of the nominations meeting shall be made at the preceding monthly membership meeting.

c.    The supervised election will be conducted in December 2019 by secret ballot.

d.    Defendant will waive its constitutional provision prohibiting absentee ballots and permit absentee ballots for members who live or work more than 100 miles outside of Jacksonville, Florida.

e.    The candidates during the 2019 supervised election who receive the highest number of votes of the valid votes cast will be declared elected and installed for a three-year term that expires with the installation of those elected in the regular December 2022 election.  Upon installation, the term of the current occupant of any given office shall be deemed to expire.

f.    In the event of a tie between two or more candidates receiving the highest number of votes, the winning candidate will be decided by a coin flip.

g.    The individuals elected to office in the supervised election shall take office in January 2020, and will be officially installed in accordance with the Defendant's Constitution and Bylaws.  The individuals elected to office shall serve for a three-year term that expires with the installation of those elected in the regular December 2022 election.

h.    All decisions as to the interpretation or application of Title IV of the Act and the ILA Constitution and Local Bylaws relating to the supervised election, including any runoff election, are to be determined by the Secretary, and his decision shall be final, subject to challenge in this Court.

i.    Any protests concerning any aspect of the supervised election shall be filed in writing directly with the Secretary's designated election supervisor no later than 10 days after the completion of the election.  In the event a violation affecting outcome occurs and cannot be remedied, the Secretary shall conduct a rerun of the supervised election. Candidate eligibility for any such rerun of the

supervised election will be based on eligibility at the time of the original nominations for the supervised election.

j.      The Court shall retain jurisdiction of this action pending completion of the supervised election. After completion of the supervised election and resolution of any disputes or challenges, the Secretary will promptly certify to the Court the names of the persons elected to serve as the duly elected officers of Defendant.

k.      The Secretary shall further certify that the supervised election was conducted in accordance with Title IV of the Act and, insofar as lawful and practicable, except as otherwise provided herein, in accordance with the provisions of the Defendant's constitution(s).

l.      Upon approval of the certification, the Court shall enter a final judgment declaring that such persons have been elected as shown by the certification.

m.      Each party shall bear its own fees, costs, and other expenses incurred by such Party in connection with this proceeding up to and including the date of entry of the final judgment.

SO ORDERED this _____ day of _____, 2019, in Jacksonville, Florida.


_____

TIMOTHY J. CORRIGAN
United States District Judge

Agreed to:

_VINCENT CAMERON, President, Local 1408_
Defendant's Representative

_6/26/19_
Date

Respectfully Submitted,

FOR PLAINTIFF

JOSEPH H. HUNT
Assistant Attorney General for the
Civil Division

MARIA CHAPA LOPEZ
United States Attorney

RONNIE S. CARTER
Assistant United States Attorney
Florida Bar No. 0948667
United States Courthouse
300 North Hogan Street, Suite 700
Jacksonville, Florida 32202-4270
Telephone No. (904) 301-6283/6300
Facsimile No. (904) 301-6310
Email: Ronnie.Carter@usdoj.gov

Dated: June ____, 2019

Respectfully Submitted,

FOR DEFENDANT

LAW OFFICES OF
NOEL G. LAWRENCE, P.A.

NOEL G. LAWRENCE, ESQUIRE
Florida Bar No. 844251
101 East Union Street, Suite 200
Jacksonville, Florida 32202
Telephone No. (904) 356-9928
Facsimile No. (904) 356-6762
Email: NGLawren@lpnlaw.com

Dated: June 26, 2019

cc:    Christa Henderson, Esquire
       United States Department of Labor
       Office of the Solicitor
       Civil Right and Labor-Management Division
       200 Constitution Avenue, NW, Suite N-2474
       Washington, DC 20210

Agreed to:

_____          _____

VINCENT CAMERON, President, Local 1408          Date
Defendant's Representative

Respectfully Submitted,                Respectfully Submitted,

FOR PLAINTIFF                    FOR DEFENDANT

JOSEPH H. HUNT
Assistant Attorney General for the
Civil Division

MARIA CHAPA LOPEZ
United States Attorney                LAW OFFICES OF
                            NOEL G. LAWRENCE, P.A.

_____          _____

RONNIE S. CARTER                  NOEL G. LAWRENCE, ESQUIRE
Assistant United States Attorney          Florida Bar No.  844251
Florida Bar No. 0948667            101 East Union Street, Suite 200
United States Courthouse            Jacksonville, Florida 32202
300 North Hogan Street, Suite 700        Telephone No. (904) 356-9928
Jacksonville, Florida 32202-4270        Facsimile No. (904) 356-6762
Telephone No. (904) 301-6283/6300        Email: NGLawren@lpnlaw.com
Facsimile No. (904) 301-6310
Email: Ronnie.Carter@usdoj.gov          Dated: June ____, 2019

Dated: June 27, 2019

cc:    Christa Henderson, Esquire
       United States Department of Labor
       Office of the Solicitor
       Civil Right and Labor-Management Division
       200 Constitution Avenue, NW, Suite N-2474
       Washington, DC 20210